IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02215-GPG

MATTHEW ALAN SMITH,

    Plaintiff,

v.

UNITED PARCEL SERVICE, INC.,

    Defendant.

## ORDER OF DISMISSAL

Plaintiff, Matthew Alan Smith, has submitted to the Court *pro se* an Amended Complaint (ECF No. 1), an Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3), and a Motion for Permission to Proceed *Pro Se* (ECF No. 4). The motion for leave to file a *pro se* action will be denied and the action will be dismissed.

Mr. Smith is subject to a sanction order that restricts his ability to file *pro se* actions. *See Smith v. Byron White 10th Circuit Fed. Court*, No. 14-cv-00669-LTB (D. Colo. Mar. 10, 2014). The sanction order was entered April 4, 2014, as a result of Mr. Smith's abusive history of filing frivolous actions. (*See id.* at ECF No. 7.) In the sanction order Mr. Smith was "prohibited from filing any new action in the United States District Court for the District of Colorado without the representation of a licensed attorney admitted to practice in the District of Colorado unless he obtains permission to proceed *pro se*" by following the procedures specified in the sanction order. In order to proceed *pro se*, the sanction

order requires Mr. Smith to submit to the Court a motion requesting leave to file a *pro se* action that includes a list of all past and currently pending lawsuits filed in the District of Colorado, a statement of the legal issues to be raised in the proposed new pleading and whether he has raised those issues in other proceedings in the District of Colorado, and a copy of the proposed new pleading to be filed in the *pro se* action.

    Mr. Smith includes in his motion for leave to file a *pro se* action a list of his prior cases filed in the District of Colorado and he provides a cursory statement of the legal issues to be raised in the proposed new pleading. Mr. Smith also has submitted a copy of the proposed new complaint. However, Mr. Smith fails to mention that this is the fifth lawsuit he has filed in the District of Colorado against Defendant, that all five cases stem from his employment with Defendant that was terminated in November 2012, and that two of the prior cases against Defendant were dismissed on the merits. *See Smith v. United Parcel Serv.*, No. 15-cv-01669-LTB (D. Colo. Aug. 7, 2015) (dismissed for failure to comply with sanction order); *Smith v. United Parcel Serv.*, No. 14-cv-00787-LTB (D. Colo. Apr. 23, 2014) (dismissed for failure to comply with pleading requirements of Fed. R. Civ. P. 8); *Smith v. United Parcel Serv.*, No. 13-cv-01815-LTB-CBS (D. Colo. Mar. 24, 2014) (dismissed on merits), *appeal dismissed*, 578 F. App'x 755 (10th Cir. 2014); *Smith v. United Parcel Serv.*, No. 12-cv-01578-LTB-CBS (D. Colo. Nov. 15, 2013) (dismissed on merits), *appeal dismissed*, 578 F. App'x 755 (10th Cir. 2014). Although it does not appear that the specific tort claims Mr. Smith asserts in the proposed new pleading were raised in either of the two prior employment discrimination cases that were dismissed on the merits, Mr. Smith presents no argument that would justify allowing him to file another

*pro se* action against Defendant arising out of a term of employment that ended in November 2012.

Furthermore, even assuming Mr. Smith could raise the claims he asserts in the proposed new pleading in a new action, it is not clear what specific claims Mr. Smith is asserting in the proposed new pleading because the Amended Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Mr. Smith has been advised in a number of prior cases that he must provide a short and plain statement of his claims showing he is entitled to relief.   *See, e.g., Smith v. United Parcel Serv.*, No. 14-cv-00787-LTB (D. Colo. Apr. 3, 2014).   He has failed to do so in the proposed new pleading and the absence of a short and plain statement of the claims he intends to pursue is another reason that justifies denying leave to file a *pro se* action.

For these reasons, the motion for leave to file a *pro se* action will be denied and the action will be dismissed.   Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Motion for Permission to Proceed *Pro Se* (ECF No. 4) is DENIED.   It is

FURTHER ORDERED that the Amended Complaint (ECF No. 1) and the action

are dismissed without prejudice.   It is

FURTHER ORDERED that the Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (ECF No. 3) is DENIED as moot.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this   9th   day of    October    , 2015.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court